**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ATEF S. GERGAWY, | DOCKET NUMBER |
| Appellant, | SF-844E-13-1821-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: January 7, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert R. McGill, Esquire, Walkersville, Maryland, for the appellant.

Linnette Scott, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying his application for a Federal Employees' Retirement System (FERS) disability retirement annuity.  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant worked for the Department of the Army as an Assistant Professor teaching a foreign language.  Initial Appeal File (IAF), Tab 4 at 78, 86.  He was removed from his position effective November 23, 2011, for conduct unbecoming a federal employee, including resisting his arrest at work by local police on domestic violence charges in April 2011, and pleading nolo contendere to the felony of assault with a deadly weapon in July 2011.  *Id.* at 75-78.  On December 15, 2011, the appellant applied for FERS disability retirement, claiming a disability arising from bipolar disorder.  *Id.* at 44, 49, 104-07.  In both its initial and reconsideration decisions, OPM denied the appellant's application. *Id.* at 7-10, 43-48.

¶3      The appellant timely filed this appeal. IAF, Tab 1. After holding a telephonic hearing, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 12, Initial Decision (ID).  The appellant has submitted a timely

petition for review, to which the agency has responded.  Petition for Review (PFR) File, Tabs 1, 3.  On review, the appellant has provided a previously unavailable determination by the Social Security Administration (SSA), granting him disability benefits.  PFR File, Tab 4.  Based on this submission, we sent an order to the parties, which instructed the appellant to file evidence and argument in support of his assertion that he is entitled to disability retirement benefits.  PFR File, Tab 6 at 1-2.  In addition, we instructed OPM to file medical data or other evidence of the appellant's disability provided to them by SSA.  *Id.* at 2.  Both parties have responded.  PFR File, Tabs 9-10.

The administrative judge correctly found that the appellant is not entitled to a disability retirement annuity.

¶4     The appellant argued below that he was medically disabled from performing the essential elements of his job and that no accommodations were or are possible with respect to his medical disabilities, which he described as primarily bipolar disorder "with attendant symptomatologies."  IAF, Tab 6 at 4-5.  On petition for review, the appellant argues that the administrative judge erred in finding that he failed to meet his burden to prove (1) his bipolar disorder caused the misconduct that led to his removal, and (2) that the condition is incompatible with either useful and efficient service or retention in his position.  PFR File, Tab 1 at 5-8; ID at 11-13.  He asserts, in this regard, that the administrative judge should have credited the testimony and medical documentation from his personal psychiatrist.  PFR File, Tab 1 at 8-9.

¶5     In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence.  *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 1201.56(a)(2).  To be eligible for a disability retirement annuity, an employee must show the following:  (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a

deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position;[2] (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6; *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a). The administrative judge found that the appellant failed to meet element (2) of this test.[3] *See* ID at 12-13. We agree.

> *The appellant has not shown that he had a deficiency in performance, conduct, or attendance caused by bipolar disorder.*

¶6    An appellant can establish that his medical condition caused a deficiency in performance, attendance, or conduct by showing that it affected his ability to perform specific work requirements, prevented him from being regular in attendance, or caused him to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16. We agree with the administrative judge that the appellant did not show that

---

[2] As the appellant argues, he need only prove one of these two alternatives under element (2). *See* PFR File, Tab 1 at 8 (arguing this point); *see also Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012) (explaining this requirement in the context of the Civil Service Retirement System); *accord Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (applying this same rule to disability retirements under FERS).

[3] The administrative judge found, and we agree, that the appellant met element (1) of this test, the 18-month service requirement for a disability annuity. ID at 3. The appellant's service computation date is March 29, 1999, and he was removed on November 23, 2011. IAF, Tab 4 at 78. We do not address elements (3), (4), or (5) of the test, because we find, as discussed below, that the appellant does not meet element (2).

his bipolar disorder caused the misconduct through July 2011 that ultimately led to his removal.[4]  ID at 12.

¶7     The appellant must show that his condition caused his misconduct.  *See Johnson v. Office of Personnel Management*, 87 M.S.P.R. 192, ¶ 19 (2000) (finding that an appellant did not show entitlement to a disability annuity where there was no evidence that his disability caused the alleged misconduct); *Peterson v. Office of Personnel Management*, 81 M.S.P.R. 211, ¶ 5 (1999) (the appellant established that he was entitled to disability retirement where the evidence showed that his severe mental condition included delusions that caused him to be a danger to himself or others).  Removal for misconduct does not preclude an individual's receipt of disability retirement benefits if he can show that he was disabled prior to the effective date of his removal.  *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 9 (2008).  However, an appellant's application for disability retirement in the face of an impending removal for misconduct may cast doubt upon the veracity of his application.  *Id.*

¶8     A determination regarding entitlement to disability retirement benefits must consider objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, evidence relating to the effect of the applicant's condition on his ability to perform in the grade or class of position last occupied, and evidence that the applicant was not qualified for reassignment to a vacant position at the same grade or level as the position he last occupied.  *Nash v. Office of Personnel Management*, 92 M.S.P.R. 527, ¶ 7 (2002).

¶9     Student evaluations, dated March 22, 2011, reflect a decline in the appellant's ratings.  IAF, Tab 4 at 25, 28-30.  For example, one student reported that he frequently made inappropriate comments, while another commented that his

---

[4] On review, the appellant does not dispute the administrative judge's finding that his attendance and performance were acceptable.  PFR File, Tab 1 at 6-7; ID at 9-11.  He continues to assert, as he did below, that his bipolar disorder caused his poor behavior and conduct.  PFR File, Tab 1 at 5-8; ID at 7.

"emotions or moods [a]ffect the way he teaches." *Id.* at 29-30. Subsequently, the appellant's employing agency issued a notice of warning on March 30, 2011, due to "student reported gender-related comments." *Id.* at 76. On April 8, 2011, the agency issued a letter of reprimand for "disrespectful, unsafe behavior toward a female supervisor and disregard for established policies and procedures." *Id.* The agency indefinitely suspended the appellant on May 20, 2011, due to his arrest at work. *Id.*

¶10    The appellant's personal psychiatrist, who began treating him in October 2008 opined that the appellant was permanently disabled beginning in May 2011 despite treatment and could no longer perform his work duties. Hearing Compact Disk (HCD). He also expressed the opinion that the domestic violence charge that led to the appellant's arrest at work was related to the appellant's bipolar disorder because this condition caused his irritability and anger. *Id.* According to the doctor, the appellant's anger was "fairly well controlled," but, in 2011, it was "out of control for a while." *Id.* The appellant similarly testified that, in 2010, his symptoms increased and he had incidences with supervisors and students. *Id.* He stated that he could not handle the stress of interacting with others at work. *Id.* However, the appellant and his psychiatrist did not explain how or why the condition allegedly worsened in 2010 or 2011. Further, the psychiatrist's testimony appears to suggest that the appellant's condition stabilized subsequent to adjustments with his medication.

¶11    The appellant's incidences of prior discipline and decline in student ratings alone do not meet his burden of showing that his bipolar disorder caused the misconduct through July 2011 for which he was removed. *Cf. Hardy v. Office of Personnel Management*, 98 M.S.P.R. 323, ¶ 15 (2005) (although the appellant's former supervisor mentioned the appellant's extended absences that led to her removal, without an explanation regarding how the appellant's medical condition affected her attendance, absence alone cannot establish disability). Further, the appellant has not shown why his longstanding mental condition suddenly

deteriorated in May 2011. *See Wall v. Office of Personnel Management*, [116 M.S.P.R. 188](), 195 (2010) (finding that the appellant did not establish disability because, among other reasons, neither the appellant nor a nurse practitioner explained the sudden deterioration of his condition), *aff'd*, 417 F. App'x 952 (Fed. Cir. 2011). In light of the lack of evidence of causation, the absence of an explanation for the appellant's worsening condition, and the fact that his claim of disability arose only after he was removed, we find that the appellant has not proven that his condition resulted in his misconduct.

> *The appellant has not shown that his condition is incompatible with either useful and efficient service or retention in his previous position.*

¶12     The appellant argues that, in finding that he failed to show that his condition was incompatible with rendering service in his position, the administrative judge failed to give proper weight to the medical evidence. *See* PFR File, Tab 1 at 7-9; ID at 11-12. We disagree.

¶13     An appellant can show that his medical condition is incompatible with useful and efficient service or retention in the position by showing that it is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Henderson*, [117 M.S.P.R. 313](), ¶ 16. In determining whether this burden is met, the Board looks at objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence relating to the effect of the applicant's condition on his ability to perform. *Id.* The ultimate question, based on all relevant evidence, is: Do the employee's medical impairments preclude him from rendering useful and efficient service in his position? *Id.* ¶ 20.

¶14     Although the appellant's psychiatrist claimed that the appellant was disabled beginning in May 2011, his medical reports also suggested that the appellant's condition could be controlled, undermining a finding of disability. *See Johnson*, [87 M.S.P.R. 192](), ¶ 21 (a disability annuitant claimant must establish the extent to which his disability can or cannot be controlled). As the administrative

judge indicated, in a letter dated May 23, 2011, the doctor noted that subsequent to increasing the appellant's medication, he became "much calmer and he is in good control of his emotions." IAF, Tab 4 at 54; ID at 10. Further, in a treatment note dated June 14, 2011, around one month after the appellant allegedly became disabled, the psychiatrist indicated that the appellant was "doing pretty well." IAF, Tab 4 at 67. Moreover, he noted in a mental impairment questionnaire that the appellant was "fairly well stabilized" and merely needed "continuing treatment for the rest of his life." *Id.* at 36.

¶15   The appellant's psychiatrist testified that he could not work in any capacity. HCD. Further, he identified the appellant's functional limitations in the mental impairment questionnaire mentioned above. IAF, Tab 4 at 36-41. He noted that the appellant had severe mood swings and poor concentration and memory. *Id.* at 38. However, his opinions appear to be based on the appellant's subjective evidence and thus are not persuasive. *See Johnson*, 87 M.S.P.R. 192, ¶ 17 (finding that the testimony of a psychiatrist was unpersuasive because it was largely based on the appellant's own description of his symptoms as well as other doctors' reports); *cf. Christopherson*, 119 M.S.P.R. 635, ¶ 13 (noting that an employee's subjective evidence of disability is entitled to consideration and weight in a disability retirement case when it is supported by competent medical evidence). Therefore, the evidence from the appellant's psychiatrist does not establish the effect of his bipolar disorder on his ability to work in general, in a particular line of work, or in a particular setting, and thus does not establish disability. The appellant testified that he was unable to work at any job because of the stress of working with others. *See* HCD. We give little weight to this testimony because it was stated only in general terms, without any specific information concerning how the appellant's symptoms affected his ability to work.

¶16   The appellant argues that the administrative judge erred by ignoring the medical evidence from his personal psychiatrist without finding that he did not

use established diagnostic criteria, per *Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034 (Fed. Cir. 2007).  PFR File, Tab 1 at 8-9.  Pursuant to *Vanieken-Ryals*, OPM and the Board may give limited weight to medical evidence "in the face of factors such as doubts about professional competence, contrary medical evidence, failure of the professional to consider relevant factors, lack of particularity in relating diagnosis to nature and extent of disability, etc." 508 F.3d at 1042.  In the instant case, we find that the administrative judge correctly weighed the evidence to find that the appellant did not establish by preponderant evidence that he was entitled to disability retirement.[5]  *See* ID at 3-13.

The SSA determination alone is not sufficient to warrant an outcome different from that set forth in the initial decision.

¶17     SSA found the appellant disabled since May 3, 2011, due to bipolar disorder. PFR File, Tab 4 at 13.  The appellant argues that this determination establishes that he is entitled to a disability retirement annuity.  *See* PFR File, Tab 4 at 5, Tab 9 at 5-6.  We disagree.

¶18     Under the Board's regulations at 5 C.F.R. § 1201.115(d), the Board may grant a petition for review based on new and material evidence that, despite due diligence, was not available when the record below closed.  In the instant case, the SSA determination was issued after the initial decision was rendered; thus it is new evidence.[6]

---

[5] The instant case is distinguishable from *Detwiler v. Office of Personnel Management* because the record does not contain ample evidence to prove that the appellant's bipolar disorder affects his ability to form insights and to reason properly.  *See* 90 M.S.P.R. 77, ¶¶ 7-12 (2001) (ordering OPM to approve an appellant's disability retirement application in light of specific evidence that the appellant's medical condition caused him to hoard materials, including materials from work, and behave inappropriately by, inter alia, urinating on customers' lawns, and he was declared incompetent).

[6] In the initial decision, the administrative judge noted that the appellant testified that he was denied disability benefits from SSA but was appealing the initial SSA determination.  ID at 7 n.6.

¶19     However, we find that the SSA decision is not material. To be material, the new evidence must be of sufficient weight to warrant an outcome different from that of the administrative judge. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). While not dispositive, an SSA determination awarding social security benefits is relevant evidence to be considered by the Board and OPM in disability retirement cases if the conditions underlying both applications are the same.7 *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 6 (2009). In the instant case, SSA identified bipolar disorder as the basis of the appellant's disability. PFR File, Tab 4 at 12-13.

¶20     If SSA cites to medical documentation in its determination, underlying its decision to award benefits, which was not submitted to the Board, it is in the interest of justice to allow the appellant to submit the evidence to the Board on remand for consideration of entitlement to disability retirement benefits. *See Gardner v. Office of Personnel Management*, 91 M.S.P.R. 391, ¶ 8 (2002). In the instant case, the SSA decision referenced evidence which was not submitted to the Board, including the testimony of an impartial medical expert, and "the examining and reviewing agency opinions." PFR File, Tab 4 at 10-13. According to the administrative law judge, the medical expert found the personal psychiatrist's opinion to be more persuasive than the examining and reviewing agency opinions. *Id.* at 13. The administrative law judge based his determination in part on the medical expert's opinion. *Id.* Therefore, we issued an order to the parties to submit medical documentation underlying the SSA determination. PFR File, Tab 6. The only new documentation submitted by the appellant was his function report for his SSA application, which he completed. PFR File, Tab 9 at 8-25. OPM responded that it had no additional documentation. PFR File, Tab 10 at 3.

---

7 An SSA determination is not binding on the Board because it is based on different laws and regulations. *Wilmot v. Office of Personnel Management*, 35 M.S.P.R. 238, 240 (1987).

¶21    We find that the SSA determination does not warrant a different outcome from the initial decision.  Although the SSA determination is based on the same underlying condition, we nonetheless agree with the administrative judge that the inadequacy of the medical evidence to prove that the appellant was unable to perform the essential functions of his position outweighs the SSA determination. See Guthrie v. Office of Personnel Management, 105 M.S.P.R. 530, ¶5 (2007).

### NOTICE TO THE APPELLAND REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.