NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3205

WAYNE C. WALL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Wayne C. Wall, of Jackson, Mississippi, pro se.

Leslie Cayer Ohta, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director. Of counsel was Wade M. Plunkett, Office of General Counsel, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3205

WAYNE C. WALL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0831080779-I-1.

_____

DECIDED: October 13, 2009

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

LINN, Circuit Judge.

Wayne C. Wall ("Wall") petitions for review of a final decision of the Merit Systems Protection Board ("Board"), dated April 17, 2009, which affirmed the denial of Wall's application for disability retirement. Wall v. Office of Pers. Mgmt., 111 M.S.P.R. 122 (2009). In reaching that decision, the Board gave no weight to Wall's post-termination medical evidence, citing Reilly v. Office of Personnel Management, 108 M.S.P.R. 360 (2008).

On July 15, 2009, we vacated the Reilly decision, holding that the categorical rejection of all medical evidence not based on tests or examinations conducted during the petitioner's employment was an erroneous legal standard. Reilly v. Office of Pers.

<u>Mgmt.</u>, 571 F.3d 1372, 1382-83 (Fed. Cir. 2009) (holding that the Board's standard constitutes "a substantial departure from important procedural rights and goes to the heart of the administrative determination"). In the present case, because the Board's categorical rejection of Wall's post-termination medical evidence is improper under our recent decision in <u>Reilly</u>, we vacate the Board's decision and remand for reconsideration under the correct legal standard.

<u>VACATED</u> and <u>REMANDED</u>

COSTS

No costs.