NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WAYNE C. WALL,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3006

---

Petition for review of the Merit Systems Protection Board in No. AT0831080779-M-1.

---

Decided: April 8, 2011

---

WAYNE C. WALL, of Jackson, Mississippi, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before NEWMAN, LOURIE, and LINN, *Circuit Judges.*

PER CURIAM.

Wayne C. Wall ("Wall") appeals from a final decision of the Merit Systems Protection Board ("Board") affirming, after remand from this court, its April 17, 2009 final decision, *Wall v. Office of Pers. Mgmt.*, 111 M.S.P.R. 122 (2009) ("*Final Decision*"), *aff'g as modified Wall v. Office of Pers. Mgmt.*, No. AT0831080779-M-1, 2008 M.S.P.B. LEXIS 5628 (Oct. 28, 2008) ("*Initial Decision*"), which affirmed the Office of Personnel Management's ("OPM's") denial of Wall's application for disability retirement benefits under the Civil Service Retirement System ("CSRS"). *Wall v. Office of Pers. Mgmt.*, No. AT0831080779-M-1, 2010 M.S.P.B. 178 (Aug. 31, 2010) ("*Reconsideration Decision*"), *on remand from Wall v. Office of Pers. Mgmt.*, 348 F. App'x. 576 (Fed. Cir. 2009). For the reasons discussed below, this court affirms.

## BACKGROUND

On January 7, 2007, Wall received an appointment under the Veterans Readjustment Act to a position as a Claims Assistant with the Veterans Affairs Medical Center ("VAMC") in Jackson, Mississippi. *Final Decision*, 111 M.S.P.R. at 123. Approximately seven months into Wall's trial period, on August 17, 2007, Wall was terminated from the position based upon two unapproved absences and an inability to master the duties of his position. *Reconsideration Decision*, 2010 M.S.P.B. 178, ¶ 7. Wall's supervisor submitted a statement accompanying Wall's disability retirement application stating that "[Wall] went to sleep during training[,] . . . had an altercation with another employee[,] . . . [and] was trained in several different positions within the scope of his position description in an attempt to find a match for his abilities. He did not demonstrate satisfactory performance in any area." *Respt.'s Appx.* at 34.

Four days prior to his termination, Wall applied for disability retirement benefits under the CSRS. *Reconsideration Decision*, 2010 M.S.P.B. 178, ¶ 2. In his application for retirement benefits, Wall asserted that he was disabled by arthritis and ankylosis (i.e., stiffness) in his right ankle, tension and migraine headaches, hypertension, sinusitis, and diabetes. *Id.* ¶ 3. The OPM denied Wall's application for disability benefits because it found that Wall failed to show that he was disabled by a medical condition that caused his service deficiencies. *Id.* Wall appealed the OPM's decision to the Board.

The Administrative Judge ("AJ") found, to the contrary, that Wall's medical conditions were the cause of his service deficiencies; however, the AJ affirmed the OPM's denial of disability benefits on the ground that Wall became disabled prior to, and not during, his probationary appointment at the VAMC. *Initial Decision*, 2008 M.S.P.B. LEXIS 5628, at *7, *9. Wall filed a petition for review by the full Board, which the Board denied for failure to meet the requirements of 5 C.F.R. § 1201.115(d). Instead, the Board reopened the case on its own motion because it found that the AJ erred in concluding that Wall had established disabling medical conditions that caused his service deficiencies. *Final Decision*, 111 M.S.P.R. at 125. The Board nevertheless affirmed the AJ's conclusion, holding that "[Wall] did not qualify for disability retirement benefits because he did not show he was disabled." *Id.* Wall appealed to this court.

While Wall's appeal was pending, this court issued its decision in *Reilly v. Office of Personnel Management*, holding that the categorical exclusion of post-separation medical evidence in a CSRS disability retirement benefits determination is legally erroneous. 571 F.3d 1372, 1380-81 (Fed. Cir. 2009) ("OPM [and the Board] must consider all of an applicant's competent medical evidence.") (internal citation omitted). Based on its decision in *Reilly*, this

court vacated Wall's first appeal and remanded to the Board because "the Board gave no weight to Wall's post-termination medical evidence." *Wall*, 348 F. App'x. at 577.

In the *Reconsideration Decision*, the Board reaffirmed its earlier decision that Wall failed to show that he suffered from a disability that rendered him incapable of useful and efficient service. 2010 M.S.P.B. 178, ¶ 19. In so finding, the Board considered the following medical evidence: Wall's statements concerning his medical conditions in his disability retirement application; an April 2005 initial VAMC evaluation noting Wall's history of hypertension; Wall's progress notes from his treatment at the VAMC between April 2005 and August 2007; Wall's VA disability rating of twenty percent for loss of motion in his ankle and a September 2006 x-ray revealing advanced arthritis in the same; September and November 2006 reports diagnosing Wall with sinusitis and diabetes; a May 2007 report indicating headaches twice a month, lasting about half a day; a call on August 6, 2007, from Wall to the VAMC complaining of more headaches due to work stress; an August 21, 2007, report (post-termination) indicating regular, frequent, and serious headaches; an August 21, 2007, letter (post-termination) from a nurse practitioner explaining that Wall's migraines had worsened over the past year, occurred daily, and resulted in "nausea, vomiting, light sensitivity and noise sensitivity along with the need of bed rest"; August and October 2008 submissions (post-termination) from Wall to the Board regarding the severity of his migraines; and a September 29, 2008, letter (post-termination) from the nurse practitioner reporting that Wall has had migraines for thirty five years, that they worsened since 2005, and that he currently suffered four exacerbation headaches per month resulting in cognitive dysfunction and requiring bed rest. *Id.* ¶¶ 8-17.

With regard to Wall's contentions of disability based on arthritis, ankylosis, hypertension, diabetes, and sinusitis, the Board concluded that none of the medical evidence indicated how or if these conditions would affect his ability to perform his job as a Claims Assistant. *Id.* ¶ 14. With regard to his migraines, the Board again found that the evidence failed to show any potentially debilitating migraines until around the time of and after his termination in August 2007, and thus Wall failed to demonstrate that these migraines caused his unapproved absences or inability to master the duties of his position. *Id.* ¶ 17. The Board also found that Wall's application for disability only four days prior to his termination "cast doubt on the veracity of his application." *Id.* ¶ 15 (relying on *Henderson v. Office of Pers. Mgmt.*, 109 M.S.P.R. 529, ¶ 9 (2008) and *Anderson v. Office of Pers. Mgmt.*, 96 M.S.P.R. 299, ¶ 22 (2004), *aff'd*, 120 F. App'x. 320 (Fed. Cir. 2005). Accordingly, the Board held that Wall failed to prove that he was disabled from useful and efficient service as a Claims Assistant, affirming its prior decision and the OPM's denial of disability retirement benefits. *Id.* ¶¶ 19-20.

The *Reconsideration Decision* became the final decision of the Board. Wall timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Discussion

A. Standard of Review

This court's review of a Board decision is limited by 5 U.S.C. § 7703(c), providing that this court can set aside a decision of the Board only if it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See*

*Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). This court's review is further limited in the case of a denial of a request for disability retirement. *See* 5 U.S.C. § 8347(c); *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985); *see generally Reilly*, 571 F.3d at 1376-79 (discussing the history and scope of this court's review of disability retirement determinations under section 8347(c)). In disability retirement determinations under the CSRS, this court is without authority to review the substantive merits or factual underpinnings of such determinations. *Lindahl*, 470 U.S. at 791. Rather, review is limited to determining "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.'" *Id.* (quoting *Scroggins v. United States*, 397 F.2d 295, 297 (Ct. Cl. 1968)). "Thus we may only address critical legal errors, if any, committed by the [Board] in reviewing OPM's decision." *Vanieken-Ryals v. Office of Pers. Mgmt.*, 508 F.3d 1034, 1038 (Fed. Cir. 2007).

## B. Analysis

Under the CSRS, an employee is eligible for disability retirement if he or she has "complete[d] 5 years of civilian service and has become disabled." 5 U.S.C. § 8337(a). The statute charges the OPM with making the disability determination and provides, in relevant part, that "an employee shall be considered to be disabled only if the employee is found . . . to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment." *Id.* The OPM's implementing regulations define useful and efficient service as "(1) acceptable performance of the critical or essential elements of the position; and (2) satisfactory conduct and attendance." 5 C.F.R. § 831.1202. A determination on eligibility for disability retirement must take into account all compe-

tent medical evidence, including both objective clinical findings and qualified medical opinions based on the applicant's symptoms. *Vanieken-Ryals*, 508 F.3d at 1041-42. Post-retirement or post-termination evidence is relevant "[w]here proximity in time, lay testimony, or some other evidence provides the requisite link to the relevant period." *Reilly*, 571 F.3d at 1382.

In this appeal, Wall argues that the "[m]edical evidence collaborates [sic] and supports the fact that [his] pre-existing medical conditions show that [his] service deficiency is (was) caused by the subsequent progression of the medical condition," *Petr.'s Br.* at 3, and that the Board again erred in categorically excluding post-termination evidence. Wall points to the August 21, 2007, letter from the nurse practitioner as competent evidence that his migraines caused his service deficiencies. Wall argues that the document "is in the present tense and goes to the heart of the matter over the past year including the time served in the position of Claims Assistant." *Petr.'s Br.* at 4. Wall also provides, for the first time in this appeal, an August 20, 2009, Social Security Administration Office of Disability Adjudication and Review ("SSA") determination awarding him social security disability as additional evidence that his disability caused his service deficiencies. Wall is understood to assert that the Board erred in not reaching a similar determination of disability. Finally, Wall explains that he applied for retirement disability benefits just four days prior to his termination because:

> (1) . . . [P]rior to the issuance of the August 1, 2007 termination notice [he] never received any type of complaints from [his] supervisor concerning [his] attendance, conduct, or performance[, and]

> (2) [He] filed an EEOC complaint to the Office of Resolution Management concerning the August 1, 2007 termination notice based on [his] disabilities, sex, and age and had to allow the process to be completed before [he] filed [his] application for disability, which happen [sic] to be four days prior to effective termination date.

*Petr.'s Br.* at 1-2.

The OPM replies that the Board did indeed take into account all relevant evidence, including Mr. Wall's own accounts of his condition, the August 21, 2007, and September 29, 2008, post-termination letters from the nurse practitioner, and Wall's post-termination complaints made in the course of his various appeals. The OPM asserts that the Board addressed each of Wall's alleged disabling conditions—including his arthritis, ankylosis, hypertension, diabetes, sinusitis, and migraines—finding that none of these conditions were shown to cause Wall's service deficiencies as a Claims Assistant. According to the OPM, the Board took into account all relevant facts, and "to the extent that Mr. Wall disagrees with the [B]oard's fact finding, all such disagreements are beyond the jurisdiction of this [c]ourt." *Respt.'s Br.* at 15-16. Furthermore, the OPM argues that Wall waived any argument with respect to the August 20, 2009, SSA decision regarding disability insurance benefits because Wall neither made it a part of the record before the Board on remand nor advanced any arguments regarding the same to the Board. According to the OPM, even if this court were to consider the SSA decision, the decision pertains only to a period after Wall's termination.

This court affirms the Board's decision, discerning no substantial departure from Wall's procedural rights or

misconstruction of the governing legislation. This court is not persuaded by Wall's argument that the Board categorically excluded post-termination medical evidence because the *Reconsideration Decision* does indeed analyze the post-termination evidence. As discussed above, the Board specifically addressed, among other things, the August 21, 2007, and September 28, 2008, post-termination letters from the nurse practitioner regarding Wall's migraines and Wall's post-termination submissions to the Board on appeal. Considering this evidence, the Board found that Wall failed to establish that he had disabling conditions rendering him incapable of satisfactory performance in his position as a Claims Assistant. As to Wall's migraines in particular, the Board concluded based on pre- and post-termination evidence that any disabling migraines did not begin until the time of Wall's termination or thereafter, and thus did not cause his unsatisfactory performance in his position as a Claims Assistant. 2010 M.S.P.B. 178, ¶ 17. This court lacks authority to review these factual findings.

Moreover, this court agrees with the OPM that this court cannot consider the August 20, 2009, SSA disability insurance decision discussed extensively in Wall's brief because that decision was rendered based on a different record before a different administrative agency and, in any event, was not included in the record before the Board.

Finally, the Board considered Wall's timing in filing his disability retirement application as one element in its ultimate factual determination based on the medical evidence and the entire record. Although this court does not view the timing of Wall's disability retirement application as persuasive evidence in this case, this again is a factual finding not subject to review.

CONCLUSION

For the foregoing reasons, this court affirms.

**AFFIRMED**

COSTS

Each party shall bear its own costs.