# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIM S.  LITTLEJOHN,
Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Agency.

DOCKET NUMBER
DC-844E-14-0524-I-1

DATE: October 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel F. Read, Esquire, Durham, North Carolina, for the appellant.

Delores A. Saunders, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) denying her application for disability retirement under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant is an employee of the U.S. Postal Service. Initial Appeal File (IAF), Tab 5 at 271. In September 1998, she stopped working and began receiving benefits from the Office of Workers' Compensation Programs (OWCP), but these benefits were terminated in April 2011. *Id*. at 126, 129. After the termination of her OWCP benefits, the Postal Service notified the appellant that she would be removed from her position for misrepresenting her physical abilities with respect to these benefits. *Id*. at 107. In its removal decision, the Postal Service cited video and photographic evidence showing the appellant engaging in activities that were inconsistent with her stated physical limitations. *Id.* at 108-11. The appellant's removal was reversed by an arbitrator based in part upon a violation of the appellant's due process rights relating to video surveillance. IAF, Tab 19. Although the arbitration decision required the Postal Service to offer the appellant the opportunity to return to work, *id.* at 22, the

Postal Service submitted documentation indicating that accommodation of the appellant was not possible, citing her 11 years of absence from work and her medical restrictions, IAF, Tab 5 at 33-36.

¶3        The appellant applied for disability retirement. *Id*. at 274-80.  OPM denied the appellant's application in initial and reconsideration decisions. *Id*. at 4-8, 22-26.  The appellant filed a timely Board appeal of the reconsideration decision. IAF, Tab 1.

¶4        After holding a hearing, the administrative judge affirmed OPM's reconsideration decision.  IAF, Tab 23, Initial Decision (ID).  The administrative judge found that the appellant failed to establish that a medical impairment precluded her from rendering useful and efficient service in her position.  ID at 7-11.  The appellant has petitioned for review, arguing that the administrative judge both did not properly consider medical evidence that demonstrated her disability and improperly weighed her testimony and that of her sister.  Petition for Review File, Tab 1 at 7-10.  Additionally, the appellant argues that, because the Postal Service has failed to offer her a position, the administrative judge should have concluded that she was entitled to disability retirement based upon her inability to perform her prior position. *Id*. at 10-11.  OPM has not responded to the petition for review.

¶5        To qualify for disability retirement benefits under FERS, an individual must meet the following requirements:  (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she either became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a

reasonable offer of reassignment to a vacant position. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013).

¶6 There is no dispute that the appellant has satisfied the service requirements for disability retirement under FERS and that she has not declined any reasonable offer of reassignment. However, because we find that the appellant has not met her burden of proving that she is disabled (criterion 2), we conclude that she is not entitled to a disability retirement annuity. *See Wall v. Office of Personnel Management*, 116 M.S.P.R. 188, ¶ 19 (2010), *aff'd*, 417 F. App'x 952 (Fed. Cir. 2011).

¶7 The administrative judge found that the medical evidence did not support the conclusion that the appellant was disabled. ID at 10. In particular, the administrative judge considered two independent medical examination (IME) reports that found that the appellant could return to work either without accommodation or with some accommodation. ID at 9; *see* IAF, Tab 5 at 168, Tab 21 at 7-9. She also weighed the other medical evidence and found that, although some of the evidence may indicate a diagnosis of fibromyalgia, no report specifically addressed the appellant's medical condition and how it affected her ability to perform her job duties. ID at 8. The administrative judge considered that the medical reports which found that the appellant was unable to work were largely based upon the appellant's subjective complaints. ID at 8. However, the administrative judge found that the appellant's testimony and these doctors' reports were undermined by video surveillance and photographs that showed the appellant engaging in a variety of strenuous activities. ID at 8. The administrative judge also found that the appellant's testimony with respect to her recent physical state and activities was not credible. ID at 9.

¶8 With respect to the appellant's testimony concerning her disability and inability to perform her prior job functions as well as the appellant's sister's testimony, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of

the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). In this case, there is no reason to disturb the administrative judge's finding that the appellant's testimony and that of her sister were not credible, particularly considering that their testimony is inconsistent with the other evidence of record including surveillance evidence, photographs, and medical evidence.

¶9 The administrative judge also properly gave little weight to the appellant's subjective complaints of pain and physical limitations. ID at 10. Although an appellant's subjective evidence of pain that is supported by competent medical evidence must be seriously considered, the Board has found that this kind of subjective evidence does not establish an appellant's entitlement to disability retirement when it is not supported by competent medical evidence. *Tarlaian v. Office of Personnel Management*, 77 M.S.P.R. 247, 254-55, *aff'd*, 168 F.3d 1320 (Fed. Cir. 1998) (Table). The appellant's subjective complaints are entitled to little weight in this case because the complaints are not supported by the objective medical evidence.

¶10 Finally, the administrative judge properly found that the weight of the medical evidence does not support a finding that the appellant is disabled from performing her prior position. ID at 10. A physician's conclusion that an employee is disabled is persuasive only if the physician explains how the medical condition affects the employee's specific work requirements. *Harris v. Office of Personnel Management*, 110 M.S.P.R. 249, ¶ 15 (2008). The appellant's physician found that she was "unable to work in any capacity" but did not support this finding with further explanation. IAF, Tab 12 at 6-7. We find that this conclusory statement is not persuasive. Furthermore, none of the other physicians agreed with this statement. The appellant's prior physician stated that he could not comment on her medical condition after viewing the video surveillance. IAF, Tab 5 at 43. The first IME opinion stated that the appellant's

symptoms had resolved to the point where she could perform all of the duties required of her prior position. *Id.* at 168. The second IME opinion stated that the appellant could work an 8-hour workday, but, based upon objective medical evidence, she would require work in a light duty capacity. IAF, Tab 21 at 6-8. This medical opinion, considered with the other medical evidence, may relate to whether the appellant would require some accommodation to perform her prior position. However, the medical evidence as a whole does not support a finding that the appellant is disabled. *See Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 20 (2012) (the ultimate question, based on all relevant evidence, is whether the employee's medical impairments preclude her from rendering useful and efficient service in her position).

¶11        Accordingly, we agree with the administrative judge's finding that the appellant has not submitted objective medical evidence that supports her subjective claims of pain and physical limitations. ID at 10; *cf. Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 18 (2008) (finding that the appellant's subjective reports of pain and physical limitations were corroborated by objective clinical findings and therefore entitled to substantial weight). OPM therefore properly denied the appellant's application for a disability retirement annuity because she did not prove that she is disabled. *See Wall*, 116 M.S.P.R. 188, ¶ 19.[2]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[2] Because we deny the claim based upon the appellant's failure to prove that she is disabled, we do not address her argument concerning the agency's failure to offer her a position.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.