# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREA DUGGAR,
        Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
CH-844E-16-0419-I-2

DATE: April 19, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin A. Graham</u>, Esquire, Liberty, Missouri, for the appellant.

<u>Shawna Hopkins</u>, Washington, D.C., for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that disallowed her application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed as a Revenue Officer at the Internal Revenue Service (the agency). *Duggar v. Office of Personnel Management*, MSPB Docket No. CH-844E-16-0419-I-1, Initial Appeal File (IAF), Tab 11 at 5. The agency decided to remove her on the basis of misconduct effective February 21, 2014. IAF, Tab 5 at 237-41, Tab 11 at 6. On March 21, 2014, the appellant filed a Board appeal challenging the removal. *Duggar v. Department of the Treasury*, MSPB Docket No. CH-0752-14-0373-I-1, Initial Appeal File (0373 IAF), Tab 1. On October 17, 2014, the agency and the appellant entered into a settlement of that Board appeal and a pending equal employment opportunity complaint in which the agency agreed to cancel the removal effective February 21, 2014, and allow her to resign, after a period of leave without pay (LWOP), on December 13, 2014. 0373 IAF, Tab 16. After being allowed several additional periods of LWOP, the appellant resigned from her position, effective June 12, 2015. IAF, Tab 5 at 295-302, Tab 11 at 6.

¶3      Prior to her resignation, on December 1, 2014, the appellant submitted her application for disability retirement. IAF, Tab 5 at 16-18. OPM disallowed her application on September 8, 2015, finding that she had submitted insufficient evidence regarding the level of any medical impairment in contrast to her ability to perform the duties and responsibilities of her job, or that her conditions were of the magnitude to either prevent her from performing useful and efficient service or warrant total absence from the workplace. *Id.* at 9-14. The appellant filed a request for reconsideration of that decision. *Id.* at 8. In response to her request, on May 19, 2016, OPM issued a reconsideration decision again disallowing her application. *Id.* at 4-7. OPM found that she had not submitted sufficient current medical evidence of a condition or combination of conditions that was severe enough to warrant restriction from the workplace or that affected either her attendance or the successful performance of her job. *Id.* at 6. OPM also found that she did not establish that her conditions were beyond medical management. *Id.* Further, OPM stated that the agency attempted to provide the appellant an accommodation, which was found to be reasonable, and that she was removed for misconduct. *Id.*

¶4      The appellant filed the instant Board appeal challenging OPM's reconsideration decision. IAF, Tab 1. After conducting the appellant's requested hearing, the administrative judge issued an initial decision that affirmed the reconsideration decision.[2] *Duggar v. Office of Personnel Management*, MSPB Docket No. CH-844E-16-0419-I-2, Refiled Appeal File (RAF), Tab 15, Refiled Initial Decision (RID).

¶5      The appellant has filed a petition for review, and OPM has responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 3.

---

[2] The administrative judge dismissed the appeal without prejudice and it was automatically refiled. IAF, Tab 20, Initial Decision; RAF, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) the individual must have completed at least 18 months of creditable civilian service; (2) the individual, while employed in a position subject to FERS, must have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position.[3]    5 U.S.C. § 8451(a); *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 844.103(a).    An individual bears the burden of proving her entitlement to disability retirement benefits by preponderant evidence.[4]    *Henderson*, 109 M.S.P.R. 529, ¶ 8; 5 C.F.R. §§ 1201.4(q), 1201.56(b)(2)(ii).

¶7    The administrative judge found that the appellant did not show that her medical condition caused a deficiency in her performance.  RID at 11-12.  In so finding, she considered that the agency previously removed the appellant and attempted, but ultimately did not deny her a within-grade increase.  RID at 11.  However, the administrative judge found that the appellant's performance was rated as "fully successful" and that the removal had been based on misconduct.

---

[3] It is undisputed that the appellant completed at least 18 months of creditable civilian service under FERS.  IAF, Tab 5 at 290, Tab 11 at 5.

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

*Id.* She also found that the appellant did not demonstrate that her medical condition prevented her from standing or driving. RID at 11-12.

¶8    Next, the administrative judge found that the appellant did not show that her medical condition caused a deficiency in her attendance because there was no evidence that her attendance was deficient after the agency placed her on a leave restriction, the proposed removal did not reference attendance issues, and her LWOP after the settlement agreement was unrelated to attendance issues. RID at 12-13. The administrative judge also found that the appellant had not shown that her condition caused a deficiency in her conduct because she did not establish that the misconduct underlying her removal, such as threatening taxpayers, was related to her condition. RID at-14-15. Further, the administrative judge concluded that the appellant did not establish that her medical condition was inconsistent with working in general, working in a particular line of work, or working in a particular type of setting because, among other things, she did not appeal her Social Security Administration (SSA) denial and she acknowledged working 3 to 7.5 hours per day in another position.[5] RID at 15-19. Last, the administrative judge stated that the appellant is not entitled to disability retirement benefits because she did not demonstrate that she was seeking to control her conditions through mental health treatment and through controlling her morbid obesity. RID at 19.

---

[5] Although we have considered SSA's denial of benefits, it is not binding upon us. *See Bray v. Office of Personnel Management*, 97 M.S.P.R. 209, ¶¶ 20, 23 (2004). We also are mindful that the appellant's ability to work in another position, if the position involves duties and responsibilities that are different than her previously held position, does not by itself exclude her from entitlement to disability retirement benefits. *See* 5 U.S.C. § 8451(a); *Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 14 (2015) (finding that the appellant's application for full-time positions and her employment in various part-time positions did not exclude her from eligibility for disability retirement benefits because she showed that her migraine headaches prevented her from performing the duties of her previously held Biological Science Laboratory Technician position); 5 C.F.R. § 844.103(a).

<u>The appellant is not entitled to disability retirement benefits because she failed to establish the extent to which her conditions can be controlled.</u>

¶9        The appellant asserts that the record is sufficient to establish the significance of her medical conditions and pain and argues that OPM has not refuted this evidence.[6]  PFR File, Tab 1 at 13.  She points to the opinion of the doctor of osteopathy, who has treated her for at least 8 years, because he offered numerous opinions about her inability to work while demonstrating significant knowledge of her previous position.  *Id.*; RAF, Tab 12 at 6-9.  She states that he also described how her conditions and medications affected her ability to render useful and efficient service and maintain adequate performance, attendance, and conduct.   PFR File, Tab 1 at 13; RAF, Tab 12 at 6-9.   She asserts that her testimony and that of her domestic partner and coworker demonstrate that her performance and attendance suffered at the end of her employment due to her medical conditions.  PFR File, Tab 1 at 14; RAF, Tab 14, Hearing Compact Disc, Tracks 1-3.  She further points to OPM's evidence that establishes her deficient attendance and leave usage.  PFR File, Tab 1 at 14; IAF, Tab 5 at 252-79, Tab 10 at 10-18.

¶10        We have considered the appellant's arguments.  However, the Board has repeatedly held that an applicant is not entitled to disability benefits when she fails or refuses to accept normal treatment.  *See, e.g.*, *Smedley v. Office of Personnel Management*, 108 M.S.P.R. 31, ¶ 23 (2008).  Thus, unfortunately, she is not entitled to disability retirement benefits because she did not comply with her doctors' advice to control her morbid obesity.  RID at 19-20; IAF, Tab 5 at 84; RAF, Tab 4 at 131-32, 136.

---

[6] The doctor of osteopathy noted that the appellant experienced the following conditions:  fibromyalgia, limb pain, hand paresthesia, B-12 deficiency, Spina-Bifida Occulata, Stein-Leventhal syndrome, obesity, whole body pain, irritable bowel syndrome, anxiety, depression, migraines, degenerative disc disease, osteoarthritis, hypertension, muscle spasms, spondylosis, carpel tunnel syndrome, and peripheral neuropathy. RAF, Tab 12 at 5-6.

<u>We consider that the appellant applied for disability retirement benefits in the face of an impending removal.</u>

¶11    The appellant argues that the administrative judge should not have relied upon the rescinded removal in determining her eligibility for disability retirement benefits because the agency agreed to expunge it from her record in the settlement agreement. PFR File, Tab 1 at 15-17; RID at 5-6, 11-14, 17; 0373 IAF, Tab 16 at 4; IAF, Tab 5 at 237-50, 302. She notes that the agency submitted both the proposal and the removal letters and that both the supervisor's statement and the reassignment and accommodation form reference the removal. PFR File, Tab 1 at 15; IAF, Tab 5 at 20, 22, 237-50, 302. In support of her argument, the appellant cites *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1375−76 (Fed. Cir. 2001), for the proposition that the initial decision must be overturned because the agency fundamentally breached the settlement agreement by injecting evidence that it agreed not to submit. PFR File, Tab 1 at 16-17.

¶12    In *Conant*, the U.S. Court of Appeals for the Federal Circuit determined that the agency breached a settlement agreement when it submitted documents regarding the appellant's proposed removal that it had agreed to rescind. 255 F.3d at 1376-77. Further, the court found that, although the agency promised to use its best efforts to effectuate the appellant's disability retirement, submitting these documents actually undermined her application to a degree. *Id.* Here, the agency agreed to make its best effort to send notice to OPM advising that the appellant was reinstated. 0373 IAF, Tab 16 at 4. However, unlike in *Conant*, the agency did not agree to make its best efforts to effectuate the appellant's disability retirement. *Id.* at 4, 6.

¶13    While removal for misconduct does not preclude receipt of disability retirement benefits, an applicant's request for disability retirement in the face of a pending removal for misconduct may cast doubt upon the veracity of the application. *Henderson*, 109 M.S.P.R. 529, ¶ 9. Thus, since *Conant*, the Board has clarified that OPM and the Board may consider evidence of a cancelled

removal when the agreement to cancel the removal was an attempt to allow the applicant to qualify for retirement benefits and as a relevant factor detracting from the application. *See, e.g.*, *Stevenson v. Office of Personnel Management*, 103 M.S.P.R. 481, ¶¶ 11-12 (2006) (finding that the administrative judge should have considered evidence of a cancelled removal action for alleged misconduct in adjudicating the appellant's disability retirement application because his failure to submit his application until after his removal for misconduct was relevant and detracted from his application).

¶14    Here, the appellant did not apply for disability retirement benefits until after her removal and the settlement agreement rescinding it.  IAF, Tab 5 at 16–18; 0373 IAF, Tab 16.  We find that this timing casts doubt as to the veracity of her application.  *See Wall v. Office of Personnel Management*, 116 M.S.P.R. 188, ¶ 15 (2010) (finding that doubt regarding the appellant's assertions of disability was appropriate when his asserted symptoms coincided with his termination), *aff'd*, 417 F. App'x 952 (Fed. Cir. 2011).  Further, she was reinstated for several periods of LWOP and applied for disability retirement benefits thereafter, but she was never returned to duty.  IAF, Tab 5 at 16-18, 252, Tab 11 at 6; 0373 IAF, Tab 16.  Thus, it appears that her reinstatement constituted an attempt to allow her to apply for disability retirement. Accordingly, we find that the administrative judge properly considered the appellant's application for disability retirement benefits after she had been removed for misconduct in rendering a decision.

¶15    The appellant also states that the administrative judge should not have considered her disability retirement application as having been made on the basis of an imminent removal because the settlement agreement rescinding the removal was signed in October 2014, and she did not file her disability retirement application until December 2014.  PFR File, Tab 1 at 16; 0373 IAF, Tab 16 at 7; IAF, Tab 5 at 292-94.  We disagree.  The settlement agreement, which was signed on October 15, 2014, states that the appellant agreed to resign and would be

carried in an LWOP status until December 13, 2014, regardless of any OPM actions or decisions concerning her retirement contributions. 0373 IAF, Tab 16 at 6. Although the appellant signed the settlement agreement rescinding the removal in October 2014, she submitted her application while she was already placed on LWOP status. 0373 IAF, Tab 16; IAF, Tab 5 at 16-18, Tab 11 at 6. We find that she submitted her application for disability retirement benefits after she knew that she would resign and prior to the last day of her LWOP status and that this constitutes a resignation in the face of a removal.

¶16    We conclude that the appellant has not established the extent to which her medical conditions could be controlled and that her application for disability retirement benefits in the face of her removal further detracts from her case. Accordingly, we affirm OPM's reconsideration decision that denied the appellant's application for disability retirement benefits.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.