# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARBARA LEE CHAFIN,<br>        Appellant, | DOCKET NUMBER<br>AT-844E-20-0506-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: July 26, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for disability retirement benefits under the Federal Employees' Retirement System (FERS).  On petition for review, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant argues that the administrative judge erred in affirming OPM's final decision by relying solely on the appellant's claim concerning her inability to commute to work and failed to assess whether her epilepsy is incompatible with either useful and efficient service or retention in her former position. Petition for Review (PFR) File, Tab 1 at 4. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except to SUPPLEMENT the administrative judge's analysis to explain the determination that the appellant failed to show that her medical condition was incompatible with either useful and efficient service or retention in her position, we AFFIRM the initial decision.

On review, the appellant argues, in part, that as a result of her medical condition she could not perform the duties of her position. PFR File, Tab 1 at 7-8. The administrative judge was not persuaded, and neither are we. Initial Decision (ID) at 3-5. We supplement the initial decision to provide additional support for this finding.

One way that an appellant may meet the statutory requirement that she is unable, because of disease or injury, to render useful and efficient service in her position is by demonstrating that her medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of work

setting. 5 U.S.C. § 8451(a)(1)(B); *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013). Here, the medical evidence in the record indicated that, after a seizure at work in February 2018, the hospital discharged the appellant the next day in stable condition with no restrictions and further noted that she was alert, oriented, and had good judgment.[2] Initial Appeal File (IAF), Tab 13 at 94-95. Although the appellant provided physician's notes to support her application for disability, the notes provided her epilepsy diagnosis, requested the agency excuse her from work for follow-up appointments for her seizures, and reflected that she suffered from stress related to her inability to drive, but noted no additional restrictions. *Id.* at 100, 107. The appellant's hearing testimony provided little clarity about her medical condition's functional implications on her ability to do her job, and she only identified the restriction of her inability to commute. IAF, Tab 21, Hearing Audio (testimony of the appellant). Accordingly, after considering all evidence in the record, we discern no basis to disturb the administrative judge's finding that the appellant failed to show that she suffered from a disabling medical condition that was incompatible with either useful and efficient service or retention in her position. *See Christopherson*, 119 M.S.P.R. 635, ¶ 6; 5 C.F.R. § 844.103(a)(2). To the extent the appellant raises arguments regarding the remaining criteria for entitlement to disability retirement, such as whether accommodation of her medical condition in

---

[2] On review, the appellant argues that OPM's contention that her seizure activity has remained stable is incorrect and she has continued to suffer from seizures since her removal. PFR File, Tab 1 at 6-7; IAF, Tab 13 at 9, Tab 16 at 6. However, any worsening of her condition after her separation is not relevant to our determination. Rather, we must restrict our inquiry to whether she became disabled while employed. 5 C.F.R. § 844.103(a)(2); *see Wall v. Office of Personnel Management*, 116 M.S.P.R. 188, ¶¶ 5, 18 (2010) (finding in a Civil Service Retirement System disability retirement appeal that post-termination medical evidence that did not link the worsening of an appellant's medical condition to the period prior to his termination did not substantiate the existence of a pre-termination disability), *aff'd per curiam*, 417 F. App'x 952 (Fed. Cir. 2011). Thus, although we have considered this evidence, we do not find that it changes the outcome in this appeal. IAF, Tab 16 at 10-11.

the position held was unreasonable, PFR File, Tab 1 at 7-8; *Christopherson*, 119 M.S.P.R. 635, ¶ 6, we find it unnecessary to address those arguments.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      *Gina K. Grippando*

                                    _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.